UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LA MIRAGE HOMEOWNERS ASSOCIATION INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| WRIGHT NATIONAL FLOOD INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Plaintiff, in all capacities in which it is entitled to appear and files this original complaint against Wright National Flood Insurance Company, defendant, and in support thereof respectfully shows as follows:

1. Plaintiff is a Texas corporation domiciled in Nueces County, Texas. All events material to this lawsuit occurred in Nueces County, Texas. Plaintiff sues in all capacities it is authorized to appear, including but not limited to as named insured and payee on a policy of insurance and pursuant to its rights and authority to sue in behalf of its owners pursuant to statute, contract, or condominium documents and regime.

2. Wright National Flood Insurance Company (hereinafter "Wright National") is an insurance corporation, association, company, or partnership that at all pertinent times herein has done insurance business in this state, or else it is another entity that at all pertinent times herein has done insurance business in this state. The insurance business done by it in Texas, whether through agents or directly, includes, but is not limited to, the following:

1

    (a)    The making and issuing of contracts of insurance with the Plaintiff;

    (b)    The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

    (c)    The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and,

    (d)    The issuance or delivery of contracts of insurance to residents of this state or to persons authorized to do business in this state, including the Plaintiff.

    (e)    Adjusting and investigating, or pretending to adjust and investigate, claims made by policyholders such as the Plaintiff.

The Defendant is an "individual, corporation, association, partnership, or other legal entity engaged in the business of insurance," and as such constitutes a person as that term is defined in the Texas Insurance Code, including Chapters 541 and 542, et. seq. of the Texas Insurance Code. Wright National is also a "Write-Your-Own" (WYO) Program insurance carrier that participates in the issuance of flood insurance under the National Flood Insurance Act (NFIA). This suit seeks damages and policy benefits pursuant to a WYO flood insurance policy issued under the NFIA by the Defendant to the Plaintiff.

3. Wright National Flood Insurance Company may be served by serving by certified mail, return, receipt requested, its registered, legal, and/or contractually appointed agent/attorney for service of process in Texas:

    CT Corporation System
    1999 Bryan St.
    Suite 900
    Dallas, TX 75201-3136

4. Venue of this complaint is proper in Nueces County, Texas and in the Corpus Christi Division of the Southern District of Texas, in that all or part of Plaintiff's causes of action accrued in such county and division, and the property which is the subject of this suit is located in such county, district and division. This Honorable Court has federal question jurisdiction of the case

under 28 U.S.C. 1331 and 42 U.S.C. 4000 – 4129 (NFIA). More than $75,000 is in controversy between the parties and Plaintiff here invokes the unlimited monetary jurisdiction of this Court.

5.  Several months prior to Hurricane Harvey, Defendant issued a WYO insurance policy or policies pursuant to the NFIA covering or purporting to cover Plaintiff's property (La Mirage) from certain forms of hurricane damage, including flood. The policy or policies in effect at the time of these losses purported to insure the property against losses up to a limit substantially in excess of Plaintiff's claims herein. There are five buildings separately insured by such policy or policies at the La Mirage complex. They are designated as Buildings A, B, C, D, and E.

6.  While the policy or policies were in effect, and on or about August 25, 2017, Hurricane Harvey made landfall on Padre Island causing serious damages to many structures and properties. Some of the structures and properties which suffered serious covered damage from the storm were the La Mirage condominium complex on Padre Island. Flood damaged portions of the La Mirage complex and associated property and structures. Defendant acknowledged that perils from Hurricane Harvey covered under its policies caused 70% of the damage claimed by Plaintiff to Buildings A, B, and D. Defendant made partial payment of such damages and also made payment of some damage to Building C. Plaintiff is the named insured under the above policies and insures the property in behalf of itself and its members, the owners of the building complex, who are also insureds.

7.  Plaintiff claimed and still claims that Defendant underpaid the covered losses on Buildings A, B, and D. Plaintiff timely filed proofs of loss documenting claims in the total amount of $866,015.04 after applying a 70% flood causation factor to the overall damage in such areas; whereas Defendant has only paid a total of $537,492.45, leaving a balance owed of $328,522.59. Defendant, although presented with such claims by way of proof of loss less than a year after the

storm and less than a year ago, denied such claims in writing and continues to refuse to pay any further amounts on them. This constitutes a breach of the relevant policy contracts.

8. Upon receiving such denials, Plaintiff demanded appraisal of the loss pursuant to the terms of the policy, which provides that:

> If you and we fail to agree on the actual cash value or, if applicable, replacement cost of the damaged property so as to determine the amount of loss, then either may demand an appraisal of the loss. In this event, you and we will each choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the State where the insured property is located. The appraisers will separately state the actual cash value, the replacement cost, and the amount of loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of actual cash value and loss, or if it applies, the replacement cost and loss.

On or about November 30, 2018 and again on May 1, 2019, Plaintiff requested such appraisal of these losses in writing and notified Defendant of its choice of Mr. Rick Guerra-Prats as a competent and impartial appraiser. Although requested to do so, Defendant has failed to choose an appraiser and notify Plaintiff of his or her identity.

9. Because of Defendant's breaches of the policies, no umpire has been agreed upon of even discussed and the amount due on the claim remains unpaid.

10. Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiff a just amount in accordance with contractual obligations. Defendant has, by its conduct, breached its contract of insurance with the Plaintiff. All of the conditions precedent to bringing this suit under the policy and to Defendant's liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law.

11. Plaintiff seeks all relief allowed by law, including judgment against defendant for benefits owed, damages for breach of contract, and/or an order of the court requiring appointment of an appraiser and/or umpire so the claim can be concluded and paid if the only dispute between the parties is one that is the proper subject of appraisal.

12. Defendant's denial, delay, refusal and/or failure to pay constitute material breaches of contract and were and are a result of negligence of various agents of Defendant, in which case, Plaintiff claims, in the alternative, the right to a trial by jury on its claims and causes of action pursuant to 44 C.F.R. pt. 62, app. A, art III (D). Defendant's agent or agents knew or should have known that there was no reasonable basis to fail to pay the entirety of such claims.

13. As a result of all of such conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, and all the above alleged breaches of duty proximately caused damages to the Plaintiff, direct, consequential, special, and otherwise, in an amount in excess of the minimum jurisdictional limits of this Court. All notices required by law or contract have been timely and properly given or else are excused, waived, moot, or made unnecessary by the circumstances and/or Defendants' conduct, including by way of waiver or estoppel. Plaintiff here asserts all claims and causes of action assertable under state or federal law or the relevant

insurance policy for all recoverable damages of any kind or character sustained by reason Defendant's conduct and/or Hurricane Harvey.

14. Plaintiff would further show that as to any exclusions or limitations raised by Defendant to the damages or policy benefits sought, Plaintiff pleads the doctrine of ambiguity requiring the policy terms to be construed *contra proferendum*, and in the alternative Plaintiff also pleads the exceptions to such exclusions or limitations that reinstate coverage for various losses or elements of loss, including that such exclusions and limitations do not apply to windstorm loss or damage resulting from such excluded perils. Therefore, such exclusions and limitations do not apply.

15. Plaintiff would show that under relevant law, no Plaintiff can be charged with failure to mitigate damage except to the extent such mitigation can be accomplished with trifling expense and reasonable exertions, and in connection with any mitigation pleading, the Defendant must offer evidence showing not just the plaintiff's lack of care but also the amount by which the damages were increased by such failure to mitigate.

16. With respect to any matter of defense or avoidance raised by Defendant, Plaintiff pleads the provisions of Rule 8(c) and Tex. Ins. Code § 554.002, as well as the provisions of Article 705 and Section 862.054 of the Texas Insurance Code, Section 16.071, Tex. Civ. Prac. & Rem Code, and that as to any such defenses, conditions, exclusions, excuses, or matters of avoidance, the Defendant suffered no prejudice, they were not material, the Defendant waived them, is estopped from asserting them, and/or the Plaintiff substantially complied with them or is excused from performing them. For example, and by way of illustration only, the refusal to pay Plaintiff's claims under the policy amounts to a conclusive waiver of the performance by Plaintiff of any and all conditions, procedures, or covenants in the policy, and a conclusive estoppel for Defendant to rely upon any of them in any way. Moreover, as to the policy exclusions and as to any covenants or conditions, such as any replacement

cost limitation or condition in the policy or time limit for recovery of any benefit, such as depreciation holdback coverage, Plaintiff would show that Defendant has waived or is estopped to assert any limitations contained in such provisions because of Defendant's conduct in refusing to pay Plaintiff's claim, substantially breaching the contract and/or making such condition impossible or unreasonably difficult to perform such that Plaintiff is excused from compliance. Plaintiff alleges the contract has been breached and sues for all sums due at any time for this occurrence, including full replacement cost and future liability and damages from such breach that are probable or reasonably clear. In the alternative, Plaintiff would show that the WYO program and its administrator, FEMA, have administratively determined that there will be no depreciation held back on these claims and that prompt payment will be made on a replacement cost basis.

17.     In the alternative, Plaintiff would show that under Rule 8(b)(6), F.R.C.P., all allegations made or to be made by the Defendant are considered denied or avoided by Plaintiff, as indicated above or otherwise.

## JURY DEMAND AND PRAYER

Pursuant to relevant law and the Rules of Civil Procedure, Plaintiff demands a jury trial and has tendered to the Clerk of the Court the required jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, LA MIRAGE HOMEOWNERS ASSOCIATION, INC. prays that on final trial, Plaintiff have judgment or other court action against Defendant in the following respects:

A.  For recovery of the claim and benefits owed and unpaid by Defendant under the insurance policy or policies against those alleged liable under them or in connection with them, together with any other damages or fees appurtenant to and part of such causes of action;

7

B.     For damages against Defendant for breach of an insurance policy contract or contracts in the amount of policy benefits withheld, together with attorney's fees and other damages, direct, special, or consequential, appurtenant to and part of such causes of action;

C.     For appointment of an appraiser and/or umpire and/or court supervision of the appraisal process;

D.     For attorney fees and costs of suit as and if allowed by law;

E.     For prejudgment and post-judgment interest as allowed by law.

In the alternative, Plaintiff prays, moves and respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief that it may be entitled to because of the facts and circumstances set forth above or in any amended pleading, including damages or other relief either general or special, including judgment against all adverse parties for costs of suit, for statutory penalties and prejudgment and post-judgment interest, as and if allowed by law.

Respectfully submitted,

**THE SNAPKA LAW FIRM**
606 N. Carancahua, Suite 1511
P.O. Box 23017
Corpus Christi, Texas 78403
Telephone: (361) 888-7676
Facsimile: (361) 884-8545

*/s/ William J. Chriss*
**William J. Chriss**
**Attorney-In-Charge**
State Bar No. 04222100
Email: wjchrisspc@gmail.com
**Kathryn Snapka**
State Bar No. 18781200
Email: ksnapka@snapkalaw.com
**ATTORNEYS FOR PLAINTIFF**