UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| LA MIRAGE HOMEOWNERS ASSOCIATION INC., | § § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:19-CV-138 |
| WRIGHT NATIONAL FLOOD INSURANCE CO., | § § § § | |
| Defendant. | | |

## ORDER

Before the Court is Defendant's Rule 12(b)(6) Partial Motion to Dismiss ("Partial Motion to Dismiss") filed on July 31, 2019. (D.E. 18). Defendant moves to dismiss both Plaintiff's negligence claim and its demand for a jury trial, fees, costs of suit, and pre-judgment and post-judgment interest. Defendant seeks to leave pending only Plaintiff's breach of insurance contract claim under the National Flood Insurance Program ("NFIP"). Plaintiff filed a response on August 21, 2019. (D.E. 23). After considering the motion, response, pleadings, and applicable law, the Court herein GRANTS the Partial Motion to Dismiss.

### I. BACKGROUND

Hurricane Harvey made landfall in Texas in August 2017. Plaintiff La Mirage Homeowners Association, Inc., insures multiple condominium properties in Texas on behalf of condominium owners. (D.E. 16, ¶ 6). Defendant Wright National Flood Insurance Company, pursuant to the NFIP, was Plaintiff's insurance provider when Hurricane Harvey damaged Plaintiff's property. (D.E. 16, ¶¶ 5–6). Plaintiff alleges that Defendant breached

the insurance contract by underpaying on Plaintiff's flood loss claims on three of Plaintiff's condominium buildings and by not initiating the appraisal Plaintiff demanded. (D.E. 16, ¶¶ 7–10). In addition to seeking policy benefits owed and court supervision of the appraisal process for its contractual claim, Plaintiff seeks recovery for negligence, consequential damages, statutory penalties, attorney's fees, and pre-and post-judgment interest. (D.E. 16, p. 5–8).

In the pending motion, Defendant moves to dismiss Plaintiff's extra-contractual claims and to strike its jury demand. (D.E. 18). Plaintiff contests the authorities that Defendant relies on for dismissing costs and interest and asserts that the jury demand is tied to its negligence claim, which it contends is outside the scope of Defendant's arrangement with FEMA under 44 C.F.R. pt. 62, app. A. art III(D) (2016). (D.E. 16, ¶ 10; 23). That regulation states that certain actions are not reimbursable by the federal government if it is an "action[] by the Company that . . . involve[s] issues of insurer/agent negligence." 44 C.F.R. pt. 62, app. A. art III(D).

## II. STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). The requirement that the pleader show that she is entitled to relief requires "more than labels and

conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).

*Twombly* requires factual allegations sufficient to raise the entitlement to relief above the level of mere speculation. 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id.* The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. APPLICABLE LAW

Congress established the NFIP through the National Flood Insurance Act of 1968 ("NFIA"). *See* 42 U.S.C. §§ 4001–4033. The NFIP provides flood insurance coverage and is operated by the Federal Emergency Management Agency ("FEMA"), an agency of the Department of Homeland Security. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). Because it is a federal program, the NFIP draws funds from the federal treasury to cover all approved claims. *Id.* As such, the NFIP's regulations implicate sovereign immunity, and "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced." *Id.* (citations omitted). Homeowners can purchase policies either directly from FEMA or from private insurers that function as Write Your Own ("WYO") providers and fiscal agents of the United States. *Id.* (citing 42 U.S.C. § 4071(a)(1)).

Before 2005, courts interpreted the Fifth Circuit's case law as holding that state law claims are not preempted by the NFIP. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 344 (5th Cir. 2005) (citations omitted). But in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005), the Fifth Circuit expressly held that "state law tort claims arising from claims handling by a WYO are preempted under federal law." *Id.* at 390; 44 C.F.R. Part 61, App. A(1) art. IX (stating that the "[flood] policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001 et seq.), and the Federal common law."); *accord Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 400 (5th Cir. 2012); *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).[1]

## IV. ANALYSIS

The question before the Court is whether Plaintiff's claims of negligence, attorney's fees, statutory penalties, and interest are policy-handling claims which are thereby preempted by federal law.[2] To decide whether a plaintiff's claims arise from "claims

---

[1] Courts within the Fifth Circuit have continued to distinguish "between claims for policy handling, which have traditionally been considered subject to federal jurisdiction" and are reimbursed by the United States Treasury, from policy-procurement claims, which WYOs must defend on their own. *Seruntine v. State Farm Fire & Cas.*, 444 F. Supp. 2d 698, 701–02 (E.D. La. 2006); *e.g.*, *Simmons v. Miss. Farm Bureau Ca. Ins. Co.*, No. 4:12-cv-00063-GHD-JMV, 2013 WL 3895043, at *3 (N.D. Miss. July 29, 2013).

[2] Plaintiff argues that a Rule 12(b)(6) motion is not the proper vehicle by which to dismiss preempted claims. (D.E. 23, ¶¶ 8, 9, 13). Rule 12 permits the court to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). If a claim is preempted, it is necessarily a claim on which relief may not be granted. *See, e.g., Lashley v. Pfizer, Inc.*, 750 F.3d 470, 475–76 (5th Cir. 2014) (affirming the district court's dismissal of preempted claims); *Jianhua Ling v. Farmers Ins. Grp.*, No. CVH-16-2961, 2017 WL 451222, at *4 (S.D. Tex. Feb. 2, 2017) (dismissing preempted claims on a Rule 12(b)(6) motion).

handling," courts look to the "status of the insured at the time of the interaction between the parties." *Grissom*, 678 F.3d at 400–01. "If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured . . . are 'claims-handling' subject to preemption." *Id.* In the case at hand, Plaintiff was insured by Defendant at the time the dispute arose. (D.E. 16, ¶ 5–6). Indeed, Plaintiff's negligence claim is based on "Defendant's denial, delay, refusal and/or failure to pay"—a claim regarding how the insurance agent managed and processed Plaintiff's claim under its active policy. (D.E. 16, ¶ 12). Therefore, Plaintiff's extra-contractual allegations are "claims-handling" claims and, as such, are preempted.

Plaintiff acknowledges in its Response that this is not a policy-procurement claim. (D.E. 23, ¶ 5). Instead, Plaintiff's argument against preemption is that its negligence claim falls outside the scope of Defendant's arrangement with FEMA. Plaintiff's argument is without merit. *See Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 307 (5th Cir. 2015) (finding that claims contending the defendant was "liable for the manner in which it denied or processed their claim for flood damage, or the reasons it gave for denying coverage and voiding the policy" were preempted). Plaintiff's argument is based on Appendix A to 44 C.F.R. pt. 62, (D.E. 12, ¶ 4), an appendix which was removed from the Code of Federal Regulations in 2016, well before the underlying facts in this case arose.[3] 81 Fed. Reg. 84483, 84491 (Nov. 23, 2016). Accordingly, Plaintiff's extra-contractual

---

[3] Even if Appendix A was still in place, whether the negligence claim is outside the scope of Defendant's arrangement with FEMA is for FEMA to determine. *Grissom*, 678 F.3d at 402 (stating that unless "FEMA explicitly notifies the insurance company of its intent not to defend or indemnify, FEMA is presumed to pay the litigation expenses and any resulting damages awards.").

5 / 7

claim for negligence is preempted and barred.

Plaintiff's jury demand is based on the negligence claim. (D.E. 23, ¶ 9). As the negligence claim is preempted, and FEMA is presumed to be paying both the litigation expenses and any resulting damage award of the contractual claim, Plaintiff has no right to a jury trial. *See Grissom*, 678 F.3d at 402 (finding that a case against an WYO carrier under the NFIP was improperly submitted to a jury because federal funds were at stake). Plaintiff argues that *Grissom* is procedurally irrelevant here because it was an appeal after a jury trial. (D.E. 23, ¶ 10). But the Court finds *Grissom* to be on point because the *Grissom* court ordered the district court to dismiss the plaintiff's claims, regardless of what the jury had determined. Accordingly, Plaintiff's jury demand is moot, and Defendant's motion to strike is well-taken.

Likewise, Plaintiff's request to recover statutory penalties and attorney's fees against Defendant is barred. *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) (citations omitted) ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the [NFIA] is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage."); *see also Dwyer v. Fed. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 289–90 (5th Cir. 2009) (reversing an award of attorney's fees against a WYO carrier because WYO carriers are not federal agencies even though they serve as fiscal agents of the United States).[4]

---

[4] Plaintiff notes that for this premise, Defendant cites only unpublished cases and does not cite a statute or regulation prohibiting such an award. (D.E. 23 ¶¶ 5–6). Nonetheless, the Court's decision herein rests on two published Fifth Circuit cases.

Finally, as correctly noted by Defendant, pre-judgment and post-judgment interest are not recoverable against a WYO carrier. *See Grissom*, 678 F.3d at 402 ("[T]he line between a WYO company and FEMA is too thin to matter for the purposes of federal immunities such as the no-interest rule") (citations omitted); *Jianhua Ling*, 2017 WL 451222, at *4 (dismissing as preempted extra-contractual claims of violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, fraud, treble damages, punitive and exemplary damages, attorney's fees and pre- and post-judgment interest). Accordingly, even if Plaintiff prevails on its remaining breach of contract claim, Defendant is entitled, as a matter of law, to dismissal of Plaintiff's claims for negligence, attorney's fees, statutory penalties, and interest.

## V. CONCLUSION

For the reasons set out above, the Court GRANTS Defendant's Partial Motion to Dismiss with prejudice, leaving Plaintiff's claim for breach of contract under the NFIP as the sole live claim before the Court. Plaintiff's jury demand is STRUCK and the Clerk of Court is DIRECTED to update the Court's docket accordingly.

SIGNED and ORDERED this 28th day of August, 2019.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE